**Iheanyi OBINNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71037.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Iheanyi Obinna, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Securi-ty, Phoenix, AZ, Jocelyn Lopez Wright, Larry P. Cote, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Iheanyi Obinna, a native and citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the IJ's discretionary determination that Obinna did not warrant cancellation of removal on the grounds that the negative factors in the record, such as his criminal background, outweighed the positive factors. *See* 8 U.S.C. § 1252(a)(2)(B)(I) (the court lacks jurisdiction to review any judgment regarding the discretionary denial of relief under 8 U.S.C. § 1229b); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir. 2003).

Obinna's contention that the IJ erred by failing to properly consider the hardship to his United States citizen children is unavailing, because relief may be denied as a matter of discretion even if the statutory predicates are met. *See Romero–Torres,* 327 F.3d at 889.

***

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

432

We also lack jurisdiction to review Obinna's contention that the IJ failed to inform him that he could apply for relief under the Convention Against Torture, because he failed to raise that issue before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (explaining that this court lacks jurisdiction to review contentions not raised before the agency).

We do not reach Obinna's contention, raised for the first time in his reply brief, that the court has jurisdiction to review the agency's discretionary decision because there are disputed facts. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**